O’NIELL, Chief Justice
 

 (dissenting).
 

 Although there may be some doubt as to whether the plaintiff has a cause of action, I have no doubt that the district court in whose territorial jurisdiction the defendant has his domicile and residence has jurisdiction over this suit.
 

 
 *99
 
 It appears in the prevailing opinion that the defendant in this case filed an exception to the jurisdiction ratione materias, as well as ratione personae. Jurisdiction ratione materiae means jurisdiction over the subject-matter. It is not disputed that the district courts throughout the state have jurisdiction to decide divorce suits, or suits for separation from bed and board, in cases where the defendant resides within the territorial jurisdiction of the court. A judgment of divorce, or of separation from bed and board, rendered by a district judge against a
 
 defendant'
 
 residing within the territorial jurisdiction of the court, and duly cited to answer the suit, is a valid judgment, no matter where the cause of action arose. It has been decided that, where the cause of action for divorce or for separation from bed and board occurred outside of Louisiana and before either of the parties resided in Louisiana, and where the marriage took place outside of Louisiana, the courts of this state will not grant a divorce or judgment of separation from bed and board. But that is not for the want of jurisdiction, when the defendant has established a residence in this state. In this case the marriage was entered into in Louisiana, and the matrimonial domicile was established originally in this state. Hence I see no reason why the district judge in whose territorial jurisdiction the defendant resides, in Louisiana, should refuse to hear the wife’s complaint. Such a refusal could not be for want of jurisdiction.
 

 A suit for divorce, or for separation from bed and board, is not an exception to the rule that personal actions must be brought at the domicile of the defendant. The argument to the contrary in Clark v. Clark, 145 La. 740, 745, 82 So. 875, 876, was answered thus: “Of the many decisions cited to support the argument, there is not one that denies the authority of a Louisiana court to render a judgment of divorce, or of separation from bed and board, against a defendant who is domiciled in this state, whether husband or wife, even .though there be no matrimonial domicile in this state.”
 

 It is said in the prevailing opinion in this case that Mrs. Hockaday is not entitled to the benefit of article 142 of the Civil Code because she has not returned to the matrimonial domicile, or place where the marriage ceremony was performed, in this state. If she should return to New Orleans, where the marriage ceremony was performed, and where the matrimonial domicile was established originally, she could not sue her husband here by service of citation on a curator ad hoc, because he is a resident of the state. Whether she should sue him in New Orleans or in the parish of Acadia, where he resides, is a question of
 
 venue,
 
 not a question of jurisdiction. But Mrs. Hockaday’s right to sue her husband at his residence, in Acadia parish, does not depend upon the general rule that an action for divorce, or for separation from bed and board, must be brought at the domicile of the defendant — whether husband or wife. Article 142 makes an exception to the rule, by allowing a woman who was married in Louisiana, or who resided in Louisiana at the time of her marriage, to sue her nonresident husband in a Louisiana court, “on returning to the domicile where said marriage was contracted, or to her domicile in this state,” by service of citation on an at
 
 *101
 
 torney “appointed by tbe court to represent tbe absent defendant”, where the cause of action arose in another state. There is no necessity for the wife to return to Louisiana and establish or re-establish a residence here, except where the husband continues to reside in another state, in which event, of course, she must comply with the provisions of article 142 of the Civil Code. But, if the husband himself has moved to Louisiana and has established his domicile in this state, there is no necessity for the wife to comply with article' 142 of the Code, in order to sue the defendant at his domicile in this state.
 

 The decision in Hyman, Lichtenstein & Co. v. Schlenker & Hirsch, 44 La. Ann. 108, 10 So. 623, 628, which is quoted in the prevailing opinion in the present case, is not appropriate, because, in the case cited, the defendant, husband, never returned to Louisiana, but was residing and domiciled in Natchez, Miss., when the suit was filed against him in Louisiana, and he had resided in Natchez continuously from the time he moved there, from New Orleans, in 1883. That fact is stated and repeated in several paragraphs of the published report of the case. The court stated that article 142 of the Civil Code, or article 2437, referring to suits for separation of property, did not give a Louisiana court jurisdiction over the nonresident defendant in that case, because the wife had not returned to the matrimonial domicile in Louisiana before bringing her suit. Saying that the wife could not sue the
 
 nonresident
 
 husband in Louisiana, without complying with the provisions of the article of the Code, the court said: “No such case was contemplated by the law, which only intended to extend its protection to women married here, whose husbands, domiciled in another country [or state], had so mistreated them as to justify them in leaving the matrimonial domicile, and in returning to their former homes, to live under and to receive the protection of its laws.”
 

 I respectfully submit that there is no necessity for the wife to comply with the provisions of article 142 of the Civil Code, by returning to Louisiana, when she sues her husband for a divorce or for separation from bed and board
 
 at his domicile
 
 in this state.